IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA SMART, individually and as the Personal Representative of the Estate of Marcius McFadden, | * | |
| | * | |
| Plaintiff, | * | Case No. TJS-21-2072 |
| v. | * | |
| MEDSTAR WASHINGTON HOSPITAL CENTER, *et al.*, | * | |
| | * | |
| Defendants. | | |
| * * * * * * | | |

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Transfer Venue ("Motion") (ECF No. 29) filed by Defendants MedStar Washington Hospital Center ("MWHC") and MedStar National Rehabilitation Hospital ("MNRH"). Having considered the submissions of the parties (ECF Nos. 29, 32 & 33), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be **GRANTED**.

**I.      Background**

This is a medical malpractice and wrongful death case arising out of Defendants' treatment of Marcius McFadden ("Mr. McFadden") and his death resulting from an occlusive pulmonary thromboemboli. *See* ECF No. 7. Plaintiff Barbara Smart ("Ms. Smart") is the mother of Mr. McFadden and the personal representative of his estate. *Id.* This Court has jurisdiction pursuant to 28 U.S.C. § 1332. In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have a magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. ECF No. 24.

II.     **The Parties' Arguments**

In their Motion, Defendants argue that this case should be transferred to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1404(a). They state that "[t]here is no question that the alleged negligence occurred in the District of Columbia," and that "all care provided by MWHC and MNRH personnel . . . was rendered" in the District. ECF No. 29 at 3. Defendants submit that most of their witnesses work at MWHC and MNRH in the District, and suggest it would be a "substantial hardship for these health care providers to travel to Greenbelt instead of D.C., where they work each and every day." *Id.* at 4. According to Defendants, the ongoing Covid-19 pandemic only compounds these hardships because the medical providers at MWHC and MNRH are "already stretched thin." *Id.* The only connection this case has to Maryland, Defendants argue, is that Mr. McFadden lived in Maryland prior to his death. *Id. at* 4. Finally, Defendants state that the case should be transferred to the District because the judges there are more familiar with the substantive D.C. law that will govern this case. *Id.* at 5.

Plaintiff opposes the Motion. ECF No. 32. She argues that Defendants have not acknowledged other facts that connect this case to Maryland. *Id.* at 2. When Defendants discharged Mr. McFadden from inpatient care, they "chose to order home care visits by a MedStar affiliated nursing service," rather than refer him to a physician practicing in Maryland. *Id.* And Defendants "continued to provide care to Mr. McFadden in Maryland through their designated intermediary," including the review and approval of home care nursing reports. *Id.* Plaintiff argues that considering this case's connection to Maryland, the Court should defer to Plaintiff's choice of venue. *Id.* at 4.

III.    **Analysis**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This provision is designed "to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Adams Commc'n & Eng'g Tech., Inc. v. Aerovation, Inc.*, No. PWG-19- 3131, 2020 WL 3469664, at *1 (D. Md. June 25, 2020) (citations omitted). To prevail on a motion to transfer venue, the movant bears the burden to show that the case could have been brought in the proposed transferee court and the proposed transfer "will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 770 (D. Md. 2009) (internal quotation marks and citations omitted); *Kontoulas v. A.H. Robins Co.*, 745 F.2d 312 (4th Cir. 1984). "Decisions whether to transfer a case pursuant to 28 U.S.C. § 1404 are committed to the discretion of the transferring judge." *Brock v. Entre Computer Centers, Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

To determine whether to transfer a case, the Court must make "an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Before making this determination, the Court must first decide "whether the action could have been brought in the transferee district." *Adams Commc'n & Eng'g Tech., Inc. v. Aerovation, Inc.*, No. PWG-19-3131, 2020 WL 3469664, at *2 (D. Md. June 25, 2020) (internal quotation marks omitted). Here, the parties agree that this case could have been brought in the United States District Court for the District of Columbia.

3

Having determined that transfer is possible, the Court next considers several factors to determine whether transfer is appropriate: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015); *see also Landers v. Dawson Const. Plant, Ltd.*, 201 F.3d 436 (4th Cir. 1999) ("The following factors are commonly considered in ruling on a motion to transfer: (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice."). "The Court weighs these factors, considering the specific facts of the case to determine whether [] on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Adams Commc'n*, 2020 WL 3469664, at *2 (internal quotation marks omitted).

### A.    Plaintiff's Choice of Venue

A plaintiff's choice of venue is entitled to ordinarily afforded deference. *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015); *see also Int'l Painters & Allied Trade Indus. Pension Fund v. Marrero Glass & Metal Inc.*, No. ELH-18-452, 2019 WL 423409, at *3 (D. Md. Feb. 1, 2019) (noting that a plaintiff's choice of forum is entitled to substantial weight, particularly where "the chosen forum is the plaintiff's home or bears a substantial relation to the cause of action" (internal quotation marks omitted)). At all relevant times, Ms. Smart and Mr. McFadden resided in Maryland. In addition, the home nursing service that treated Mr. McFadden up to his death was based in Maryland and, according to Plaintiff, was supervised by Defendants (Defendants dispute this point, ECF No. 33 at 2-3).

Because Plaintiff's home is in Maryland, and because at least some of the relevant acts underlying Plaintiff's claims may have occurred in Maryland, this factor weighs slightly against transferring the case to Washington, D.C. But the Court notes that this case's connection to Maryland is tenuous: most of the allegedly negligent acts occurred at Defendants' facilities in the District of Columbia. Accordingly, the Court declines to give substantial deference to Plaintiff's choice of venue and views this factor as only slightly weighing against transfer.

### B.       Convenience of the Witnesses and Parties

The second and third factors are witness convenience and access, and convenience to the parties. "Convenience of the witnesses is perhaps the most important factor to consider when analyzing a § 1404(a) motion to transfer venue." *Ralph v. Long*, No. DKC-99-3281, 2001 WL 706034, at *3 (D. Md. June 14, 2001). When a party shows that most of the key witnesses are residents of another district, motions to transfer are regularly granted. *Manne v. Jaddou*, No. PJM-21-1092, 2022 WL 102853, at *7 (D. Md. Jan. 11, 2022); *United States ex rel. Salomon v. Wolff*, 268 F. Supp. 3d 770, 775 (D. Md. 2017). The convenience of the parties factor is "chiefly operative" in cases where a plaintiff has chosen a forum away from either party's home. *Manne*, 2022 WL 102853, at *8.

Defendants state because of the nature of Plaintiff's claims, Defendants' fact witnesses will likely outnumber those of the Plaintiff, and that "most if not all of [its] witnesses are likely to be health care providers who work at the MWHC or MNRH facilities on Irving Street in the District of Columbia." ECF No. 29 at 4. Plaintiff does not contest that Defendants are likely to have more fact witnesses than she will, nor does she contest that Defendants' witnesses mostly reside and work in the District.

Plaintiff argues that the Court should view the second and third factors as neutral. She notes

that other courts have reasoned that because of the short distance between the Maryland and D.C. federal courthouses, both are equally convenient forums. ECF No. 32 at 2-3. Plaintiff also points out that the witnesses will likely only be required to travel to a courthouse if the case proceeds to trial. *Id.* And she states that at least some witnesses are likely to be based in Maryland, where the relevant home nursing service is based. *Id.*

The Court finds that Washington, D.C. is a more convenient forum for the majority of the witnesses, many of whom are healthcare providers who work there. If required to appear in court, it will be more convenient for the majority of witnesses to appear at the courthouse closer to the place of their employment. And Plaintiff has not claimed that it would be inconvenient for her to prosecute this case in Washington, D.C. This factor weighs in favor of transfer.

C.     **Interests of Justice**

The fourth factor requires the Court to consider the interests of justice. This factor "is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Cross v. Fleet Rsrv. Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005). "Factors include the court's familiarity with the applicable law, the possibility of an unfair trial and the possibility of harassment." *Id.*

Defendants argue that because the allegedly negligent conduct occurred in the District of Columbia, the District's substantive law will apply. ECF No. 29 at 5. Because D.C. judges are more familiar with that law, Defendants argue, this factor favors transfer. Plaintiff argues that the Court should consider other factors in connection with the interests of justice, including the interest that Maryland residents have in holding D.C. hospitals accountable for negligence, and Plaintiff's interest as a Maryland resident in having her case heard before a Maryland jury. There is no question that a federal judge sitting in the District of Columbia is best suited to hear this case,

given their familiarity with D.C. substantive law. *See, e.g.*, *Payne v. Howard Univ.*, No. RDB-20-1314, 2020 WL 7588260, at *4 (D. Md. Dec. 22, 2020). And while Plaintiff may have an interest in having her case heard by a Maryland jury, the Court rejects Plaintiff's argument that the interest of Maryland citizens in general exceeds the interest of the citizens of the District in holding its hospitals accountable for medical malpractice. On balance, this factor favors transfer.

## IV.    Conclusion

Considering all of the factors together, the Court finds that transfer is warranted. Most, if not all, of the allegedly negligent acts occurred in Washington, D.C., where the majority of the witnesses are employed. The Court finds that the convenience of the witnesses likely to be called and this case's significant connection to the District outweigh the Plaintiff's interest in having the case heard in the place where she lives and in the Court where she filed her lawsuit. Accordingly, the Motion to Transfer is **GRANTED**. This case will be transferred to the United States District Court for the District of Columbia.


March 2, 2022                                    /s/
Date                                    Timothy J. Sullivan
                                        United States Magistrate Judge